### HARRISON v. PHŒNIX ASSURANCE COMPANY

#### (120 S. E., 848)

1. INSURANCE—INSURER, RELYING ON ISSUE AS TO VALUE, HELD UNDER DUTY TO GIVE NOTICE.—In an action on a policy, *held*, that it was defendant's duty to give notice if he intended to rely on the issue as to the value of the automobile insured, in view of the failure of the complaint to allege its value, and the absence of any proof of its value, excepting plaintiff's testimony to the effect that its value was the amount to which the policy had been reduced by consent.

2. TRIAL—COURT MAY DIRECT FINDING, EVIDENCE BEING SUSCEPTIBLE OF ONLY ONE INFERENCE.—Where testimony is susceptible of only one inference, the Court may direct the jury to so find.

Before ANSEL, J., County Court, Greenville, October, 1922. Appeal dismissed.

Action by Henry Harrison against Phœnix Assurance Company. Judgment for plaintiff and defendant appeals.

*Messrs. Martin & Blythe,* for appellant, cite: *Limitation on right of Judge to comment on facts:* 15 S. C., 392; 28 S. C., 255; 47 S. C., 489; 49 S. C., 550; 65 S. C., 524; 63 S. C., 271; 76 S. C., 49; 5 S. C., 453; 98 S. C., 297; 76 S. C., 248; 79 S. C., 120; 85 S. C., 278; 68 S. C., 153; 119 S. C., 134. *Policy is open policy, amount recoverable is amount of loss:* 61 S. C., 448; 26 C. J. Sec., 450, 452. *Even where there is a presumption of negligence, if there is testimony to rebut it, there is still a question of fact for the jury:* 87 S. C., 174; 91 S. C., 270; 93 S. C., 71; 98 S. C., 204.

*Messrs. Dean, Cothran & Wyche,* for respondents, cite: *Value was not made an issue at the trial and cannot be raised after the verdict:* 81 S. C., 161. *Duty of defendant to call Court's attention to misstatement of issues:* 74 S. C., 102; 72 S. C., 361; 44 S. C., 546; 118 S. C., 41. *When Judge may direct verdict:* 71 S. C., 426; 79 S. C., 338; 42 S. C, 28; 66 S. C., 283; 67 S. C., 224; 68 S. C., 184; 52 S. C., 516.

January 14, 1924.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action was commenced on the 1st day of October, 1921, to recover the sum of $2,000, damages alleged to have been sustained by the plaintiff, on account of the destruction of his automobile by fire, under a policy of insurance which had been issued to him by the defendant. It was first issued in the sum of $2,500, but the amount of insurance was afterwards reduced by consent of the parties to the sum of $2,000.

The complaint (omitting the first paragraph which was merely formal) was as follows:

"(2) That in consideration of the payment by the plaintiff to the defendant of the premium and charges of $78.00 the defendant by its duly authorized agents on the 29th day

of March, 1921, executed and delivered its contract or policy of insurance to the plaintiff in writing, whereby it insured the plaintiff against loss or damage by fire to the amount of $2,000.00 upon his Hudson touring automobile for a period of one year from said date.

"(3) That the said Hudson touring car was totally destroyed by fire on the 6th day of May, 1921, the cause of which is unknown to this plaintiff, and by reason of said loss the plaintiff is damaged in the sum of $2,500.00.

"(4) That on the 10th day of May, 1921, this plaintiff gave due notice to the defendant under the terms of said policy of insurance of his loss and has made demand upon the defendant for the payment of the amount of said policy, to wit, $2,000.00, which the defendant has refused and still refuses to pay, and there is now due and owing to this plaintiff the sum of $2,000.00 by the defendant."

The defendant denied these allegations. The defendant also interposed several defenses setting up forfeitures under the policy, on account of mortgages placed on the car without the knowledge or consent of the defendant.

The jury rendered a verdict in favor of the plaintiff for the sum of $2,000 and the defendant appealed upon the following exceptions:

"(1) Error in charging the jury as follows: 'You see the question of waiver comes in and it is for the plaintiff to make out his case by the preponderance of the evidence, and if you are satisfied that he has, then find a verdict for the plaintiff for two thousand dollars and interest from the date of the fire, if there was a fire. I cannot say there was a fire, as I am not allowed to give the facts'—it being submitted that such charge was a charge on the facts and in violation of the provisions of Article 5, § 26, Constitution of South Carolina.

"(2) Error in charging the jury as follows: 'You see the question of waiver comes in and it is for the plaintiff to make out his case by the preponderance of the evidence, and

if you are satisfied that he has, then find a verdict for the plaintiff for two thousand dollars and interest from the date of the fire, if there was a fire. I cannot say there was a fire, as I am not allowed to give the facts'—it being submitted that such charge was a peremptory instruction to the jury to find for the plaintiff the full amount of the policy, whereas the jury should have been allowed to consider the amount of loss to plaintiff and in determining said loss to consider all the facts and circumstances of the case including depreciation in car by reason of its age.

"(3) Error in charging the jury as follows: 'You see the question of waiver comes in and it is for the plaintiff to make out his case by the preponderance of the evidence, and if you are satisfied that he has, then find a verdict for the plaintiff for two thousand dollars and interest from the date of the fire, if there was a fire. I cannot say there was a fire, as I am not allowed to give the facts'—it being submitted that the policy itself provided that the Company should not be liable beyond the actual cash value of the property at the time of the loss and that the loss should be ascertained according to such cash value with property reduction for depreciation however caused. By the charge of the Court the jury was prevented from fixing the loss as provided by the policy and was compelled to find a verdict for the full amount of the policy."

By reference to the complaint it will be observed that it does not allege the value of the automobile. The testimony both in behalf of the plaintiff and the defendant showed that the original amount mentioned in the policy, to wit, $2,500, was by consent of the parties, changed to $2,000. The plaintiff testified that the value of the automobile, at the time of its loss by fire, was $2,000, and the defendant's attorneys neither cross-examined him nor did they introduce any testimony to show the value of the automobile at the time of the fire. The record shows that

the following took place during the examination of the plaintiff.

"Question by Mr. Wyche: Shortly after you purchased the car, do you recall that the selling price advanced, and how much? (Mr. Blythe, defendant's attorney, objects as irrelevant.)

"Mr. Wyche: It is material to show the value.

"The Court: I do not think it material to know whether the price went up or down."

It is not surprising that his Honor, the presiding Judge, did not regard the value of the automobile as an issue in the case, especially as he was well aware of the fact that James Birnie, a witness in behalf of the defendant, had just testified in that case:

"I lived on Augusta Street, was born in Greenville, and have lived here 55 years. I was in the insurance business when the policy was issued, and issued the policy to Mr. Harrison. The policy was later reduced $500, and his note was credited with $9 on the premium."

The plaintiff thus testified:

"After I obtained the policy, Mr. Birnie notified me that the car was a year old, and that he would have to reduce the insurance from $2,500 to $2,000. The value of the car when it was burned was $2,000."

Under the circumstances, it was the duty of the defendant to give notice of his intention to rely upon the issue as to the value of the car.

The authorities cited in the argument of the respondent's attorneys fully sustain the proposition that, when the testimony is susceptible of only one inference, his Honor, the presiding Judge, may direct the jury to so find.

Appeal dismissed.